IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,
   *Plaintiff*,

v.

RICO LAMONT BIAS,
   *Defendant*.

Criminal No. ELH-12-528
Related Civil No. ELH-16-1534

**MEMORANDUM**

On October 4, 2012, Rico Bias and others were indicted on multiple charges relating to twenty-two robberies. ECF 22. In particular, Bias was charged in Count One with Hobbs Act conspiracy, under 18 U.S.C. § 1951, pertaining to the period between January 22, 2012 and June 11, 2012. In Count Two, he was charged with the robbery of a Wendy's restaurant and two customers on June 11, 2012, at 3620 Washington Boulevard in Baltimore, under 18 U.S.C. §§ 1951, 2. In Count Three, Bias was charged with conspiracy to possess firearms in furtherance of crimes of violence, *i.e.*, robbery, in violation of 18 U.S.C. §§ 924(o), also between January 22, 2012 and June 11, 2012. Count Four charged Bias with brandishing and discharging a firearm on June 11, 2012, in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c), 2. And, in Count Six, Bias was charged with unlawful possession of a firearm (a Smith & Wesson revolver) by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 2.

This Memorandum resolves two motions filed by Bias for a reduction of sentence under 18 U.S.C. § 3582(c)(2). *See* ECF 165; ECF 193. It also addresses Bias's request for appointment counsel. ECF 206. The government opposes the motions to reduce. ECF 202. Bias has replied. ECF 204. The government also responded to Bias's request for counsel. ECF 208.

No hearing is necessary to resolve the motions. For the reasons that follow, I shall deny the motions.

## I. Background

On February 25, 2013, Bias entered a plea of guilty to Counts One and Four of the Indictment (ECF 63), pursuant to a Plea Agreement. ECF 67. In the Statement of Facts included with the Plea Agreement, Bias admitted to the commission of multiple armed robberies with one or two codefendants. In sum, Bias admitted to participating in 22 robberies. *See* ECF 67 at 10-20. Moreover, a firearm was used in the commission of the robberies and, on two occasions, the weapon was discharged. ECF 67 at 10. During the robbery of a Royal Farms Store on February 21 2012, a customer was shot in the abdomen by Bias's codefendant, Hatrico Smith. *Id.* at 13-14. On that occasion, and others, Bias primarily drove the getaway car. *Id.* at 14.

The Presentence Report (ECF 78) found that, under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), Bias's Guidelines for Count One called for a sentence ranging between 188 and 235 months of imprisonment, plus 84 months, consecutive, for Count Four. *Id.* ¶ 234. The combined total called for a sentence of imprisonment ranging between 272 and 319 months. *Id.* At sentencing on November 26, 2013 (ECF 105), the Court sentenced Bias to a term of 101 months' incarceration for Count One and to the congressionally mandated minimum sentence of 84 months, consecutive, for Count Four. Thus, Bias received a total term of 185 months' incarceration. ECF 106 (Judgment).

On May 19, 2016, through the office of the Federal Public Defender, Bias filed a motion to vacate his conviction under 28 U.S.C. § 2255. ECF 186. He argues, *inter alia*, that the offense of conspiracy to commit Hobbs Act robbery categorically fails to qualify as a "crime of violence." Therefore, he contends that he is "innocent of the § 924(c) offense, and his conviction

2

is invalid." *Id.* at 1. The § 2255 petition (ECF 186) has been stayed. *See* ECF 194; ECF 200; ECF 201. Accordingly, this Memorandum does not address the § 2255 petition.[1]

In addition to the § 2255 petition, Bias has filed two motions, without the assistance of counsel, seeking a reduction of his sentence, in accordance with 18 U.S.C. § 3582(c)(2). *See* ECF 165; ECF 193. As to ECF 165, Bias seeks a reduction under U.S.S.G. Amendment 599, claiming that the sentencing Guidelines were misapplied "by applying specific offense characteristics for possession, brandishing, and discharging a firearm, when Bias was also convicted for the same conduct, under 18 U.S.C. 924(c)." ECF 165 at 1. As to ECF 193, Bias seeks a reduction in his sentence under U.S.S.G. Amendment 794, concerning "§ 3B1.2 (mitigating role in the Offense)." *Id.* at 1.

As noted, the government opposes both motions to reduce. ECF 202. Bias has replied. ECF 204. He argues, *inter alia*, that he pleaded guilty to the single offense of conspiracy to commit robbery, and not to the commission of 22 separate robberies. *Id.* at 2. Bias adds that "he would be guilty of 'Maybe' several or/even Half but Not all of the robberies committed." *Id.* at 3. Moreover, given Bias's role as the getaway driver, he claims that he should have received a minor role adjustment under Amendment 794. *Id.* at 2-3.

In ECF 206, Petitioner seeks the appointment of counsel. He claims that he has "very little to no access to the legal library" and therefore he requests "the aid of counsel . . . ." ECF 206. The government responded at ECF 208.

---

[1] On July 8, 2015, by Memorandum Opinion (ECF 151) and Order (ECF 152), this Court denied Bias's earlier motion to vacate under § 2255 (ECF 130). In an Order dated May 19, 2016, the United States Court of Appeals for the Fourth Circuit authorized a successive petition under § 2255. ECF 185.

## II. Discussion

### A.

The Court is unaware of any statutory or constitutional requirement for the appointment of counsel in regard to the motions for reduction of sentence. *See* 18 U.S.C. § 3006A (listing cases in which counsel must be appointed). Nor is there a Sixth Amendment right to counsel in collateral proceedings. *Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987).

It is equally evident that Bias is quite capable of expressing his position without the aid of counsel. And, despite Bias's claim of lack of access to the legal library, I note that he promptly filed a reply (ECF 204), responding to the government's opposition.

Therefore, I shall deny Bias's request for counsel as to the motions to reduce sentence.

### B.

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on the sentencing range that has subsequently been lowered by the Sentencing Commission may file a motion asking the court to reduce the sentence. The court may reduce the defendant's term of imprisonment 'after considering the factors set forth in [18 U.S.C. § 3582(a)] to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" 18 U.S.C. § 3582(c)(2); *see United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013). But, a district court "generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under § 3582(c)." *United States v. White*, 2016 WL 4523288, at *1 (W.D.Va., Aug. 26, 2016) (citing *United States v. Goodwin*, 596 F.3d 233, 235 (4th Cir. 2010)).

According to the applicable policy statements, which are found in Section 1B1.10 of the Guidelines, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively-

applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Further, Section 1B1.10 limits which Guidelines amendments are retroactively applicable to defendants on collateral review, as opposed to direct appeal. *See* U.S.S.G. § 1B1.10(a)(2), (d).

**C.**

Amendment 599 went into effect on November 1, 2000. *See* U.S.S.G. Appendix C, Vol. II ("Appx. C") at 71. As noted, Bias was sentenced on November 26, 2013 (ECF 106), more than a decade after Amendment 599 went into effect. Clearly, his sentencing range has not been lowered as a result of Amendment 599. In any event, Bias did not receive a firearm enhancement for Count Two, which is the robbery corresponding to the brandishing conviction in Count Four, under 18 U.S.C. § 924(c).

Amendment 599 was intended to avoid duplicative punishment. Appx. C at 70. It modified the circumstances under which the specific offense characteristics in regard to firearms are applied when a defendant is also convicted of a firearms offense under 18 U.S.C. § 924(c). In particular, where a defendant is convicted under § 924(c), no enhancement is applied for the possession or brandishing of a firearm with respect to the calculation of the Guidelines for the predicate offense related to the § 924(c) offense.

Amendment 599 is now contained in U.S.S.G. § 2K2.4, Application Note 4. Titled "Weapon Enhancement," it provides, in part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense … Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a

5

> firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c). *However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction.*

(Emphasis added).

Application Note 4 does not bar the use of firearms offense characteristics with respect to an entire case merely because the case includes a conviction under 18 U.S.C. § 924(c). As the government explains, "the provision only precludes the application of firearms offense enhancements . . . where the same individual *offense* is also the subject of a [§] 924(c) conviction." ECF 202 at 3 (emphasis in ECF 202). In other words, when, as here, the defendant has committed numerous robberies, the firearms enhancement may apply "to offenses that do not correspond to an accompanying 924(c) offense." *Id.*

In this case, defendant pleaded guilty to only two offenses, *i.e.*, Counts One and Four. The offense in Count Four, under § 924(c), corresponded to the robbery in Count Two, *i.e.*, the robbery of the Wendy's Restaurant on June 11, 2012. And, as part of his Plea Agreement, Bias admitted to the commission of all of the robberies included in the Statement of Facts, one of which was the robbery of the Wendy's on June 11, 2012. *See* ECF 67 at 10-20.

Under U.S.S.G. § 1B1.2(c), a plea agreement containing a stipulation that establishes the commission of additional offenses shall be treated as if the defendant was convicted of those offenses for purposes of the calculation of the Guidelines. But, regardless of how many such robberies Bias committed, his sentence could not exceed the maximum sentences applicable to Counts One and Four, as those are the only two offenses to which he pleaded guilty. Moreover, although the Guidelines take into account all of the robberies to which Bias admitted, the Guidelines limit the increase in Bias's offense level to a maximum of five levels. *See* U.S.S.G.

§ 3D1.4. *See also* ECF 78, ¶¶ 200-202 (showing that, based on all the robberies committed by Bias, he had 21 "units" but his offense level was only increased by 5 levels).

For each robbery, other than the one pertaining to Count Two, the offense level took into account possession and/or brandishing of a firearm. *See*, *e.g.*, ¶ 69 (robbery of Royal Farms Store on February 1, 2012); ¶ 75 (robbery of Shoppers Food Store on February 2, 2012). But, for the robbery referenced in Count Two, which corresponded to the § 924(c) offense in Count Four, no firearm enhancement would be allowed, and none was applied.

The Presentence Report (ECF 78) makes clear that Amendment 599 was properly applied in this case. The Guidelines calculations for all the robberies appear in paragraphs 41 through 210 of the Presentence Report. As to the robbery of the Wendy's on June 11, 2012, the calculations appear in ¶¶ 171-176. The calculations reflect that no firearm enhancement was applied as to Count Two, *i.e.*, the robbery that corresponded to the § 924(c) conviction in Count Four.

As to the robbery on June 11, 2012, ¶ 171 provides a base offense level of 20, under U.S.S.G. § 2B3.1(a). Paragraph 172 of the Presentence Report, titled "Specific Offense Characteristic," states: "Since the offense involved brandishing a firearm, a five level increase is added to the base offense level, pursuant to 2B3.1(b)(2)(C). **However, guideline § 2K2.4 (Application Note 4), instructs that, in cases involving a conviction under 18 U.S.C. § 924(c), the specific offense characteristics for a possession of a firearm should not be applied if the sentence is imposed under 18 U.S.C. in conjunction with the underlying offense.**" (Bold added).

Therefore, no specific offense characteristic enhancement was applied, as reflected by the "+0" in ¶ 172. Nor were any other adjustments added. *See* ¶¶ 173-175. And, ¶ 176 indicates an

7

Adjusted Offense Level of 20 for the robbery of the Wendy's on June 11, 2012. However, the Guidelines do not preclude a firearms enhancement for robberies that do not correspond to the § 924(c) offense in Count Four. In other words, the firearm enhancement is applicable to any other robbery to which the defendant admitted, to the extent a firearm was involved.

In sum, I agree with the government that no error was made in the calculation of the Guidelines. There was no violation of Amendment 599.

**D.**

Amendment 794 provides that the "Minor Participant" adjustment is applicable for a defendant who is "less culpable" than most of the other participants. U.S.S.G. § 3B1.2, Application Note 5; *see United States v. Gomez-Valley*, 828 F.3d 324, 331 (5th Cir. 2016).

Although Amendment 794 applies retroactively in direct appeals, *see Quintero-Leyva*, 823 F.3d at 521, the Sentencing Commission did *not* make Amendment 794 retroactively applicable on collateral review. *See* U.S.S.G. 1B1.10; *see also United States v. Brewton*, 684 Fed. App'x. 288 (4th Cir. 2017) (per curiam); *United States v. Fakhoury*, RDB-14-0178, 2016 WL 4939226, *2 (D. Md. Sept. 14, 2016) (holding that Amendment 794 applies retroactively only on direct appeal); *United States v. Hunley*, 2016 WL 4523417, *1-2 (W.D. Va. Aug. 26, 2016) (same). Because Amendment 794 is not retroactively applicable, the Court may not grant a motion for a reduction under Amendment 794. *See White*, 2016 WL 4523288, at *2 (denying defendant's motion for a reduction under § 3582(c)(2) because Amendment 794 is not retroactively applicable on collateral review); *Hunley*, 2016 WL 4523417, at *2 (same); *United States v. Darden*, 2016 WL 5817004, *2 (E.D.N.C. Oct. 4, 2016) (same); *Kidwell v. United States*, 2016 WL 5957561, *2 (E.D.N.C. Oct. 13, 2016) (same).

Even if Amendment 794 were retroactively applicable under 18 U.S.C. § 3852, Bias would not be entitled to relief. Bias did not play a "minor role" in the criminal offense.

U.S.S.G. § 3B1.2, Application Note 3(C), indicates that the determination is "Fact-Based . . . ." It provides a non-exhaustive list of factors for a court to consider in determining whether to apply a role reduction. The factors are: (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and (v) the degree to which the defendant stood to benefit from the criminal activity.

In ECF 203, Bias questions whether he deserved the sentence he received "for being a get-away-driver" and "not a good one at that." ECF 203. Bias was arguably less culpable then Smith in regard to the shooting or brandishing offenses, because he is not the one who pulled the trigger or brandished the weapon. And, Bias's sentence was far less severe than the one Smith received. Codefendant Smith also entered a plea of guilty to two counts. Yet, he received a total sentence of 300 months' incarceration (ECF 113, Judgment), as compared to Bias's sentence of 185 months. ECF 106.

In any event, Bias is legally responsible for the conduct at issue, and his role as get-away driver was vital. Notably, "there is no material distinction between an aider and abettor and principals in any jurisdiction of the United States including . . . federal courts." *Ortiz-Magana v. Mukasey*, 542 F.3d 653, 659 (9th Cir. 2008). *See also United States v. Mitchell*, 23 F.3d 1, 2-3

(1st Cir. 1994) ("In any event, the precise nature of defendant's involvement is of little relevance, for aiding and abetting "is not a separate offense" from the underlying substantive crime.); *United States v. Sanchez,* 917 F.2d 607, 611 (1st Cir. 1990), *cert. denied,* 499 U.S. 977 (1991). One who aids and abets an offense "is punishable as a principal," 18 U.S.C. § 2, and "the *acts* of the principal become those of the aider and abetter as a matter of law." *United States v. Simpson,* 979 F.2d 1282, 1285 (8th Cir.1992) (emphasis in original), *cert. denied,* 507 U.S. 943 (1993).

### III.

For the reasons set forth above, I shall deny the motions for reduction of sentence and the motion for appointment of counsel to assist with those motions.

An Order follows.

Date: April 25, 2018                              /s/
                                                  Ellen L. Hollander
                                                  United States District Judge